UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BERNARD PAUL CHAMPAGNE,<br><br>by and through substitute LINDY R. URSO in his capacity as fiduciary of BERNARD PAUL CHAMPAGNE'S ESTATE<br><br>*Plaintiff*,<br><br>*v.*<br><br>AMIR MOHAMMAD,<br><br>*Defendant*. | Civil No. 3:20cv0674 (JBA)<br><br>January 30, 2023 |

**RULING ON MOTION TO RE-OPEN DISCOVERY**

Substitute Plaintiff Lindy Urso, in his capacity as fiduciary of the estate of Plaintiff Father Bernard Champagne[1], seeks to (1) partially re-open discovery to make one document request and one request for admission, and (2) supplement the motion for summary judgment with any responsive and relevant information. (Pl.'s Mot. for Misc. Relief [Doc. # 103].) According to Plaintiff, the additional discovery is warranted because Defendant Amir Mohammad raised Eleventh Amendment immunity as a defense for the first time in his Motion for Summary Judgment, and Plaintiff cannot present his rebuttal without evidence of whether any adverse money judgment against Defendant would be paid by an insurer, by Defendant, or by the State of Connecticut. (*Id.* at 4.) Defendant opposes, arguing as set out below. (Def.'s Object. to Pl.'s Mot. to Re-Open Discovery [Doc. # 105] at 4-5.)

## I.   Background

---

[1] Our Lady of Sorrows Church, Inc. is no longer a plaintiff. (*See* First Amended Complaint, [Doc. # 16].) The Clerk of Court is requested to conform the caption as above.

Plaintiff sued Defendant in his official capacity as Director of Health for the Town of Orange, bringing § 1983 claims for alleged violations of the First Amendment (Freedom of Assembly, Freedom of Speech, Free Exercise, the Establishment Clause) and the Fourteenth Amendment (Equal Protection), seeking injunctive relief, compensatory damages, and punitive damages. (Def.'s Mot. for Summ. J. [Doc. # 80] at 10-11.) The claims all arise from a Directive issued by Defendant in his capacity as Public Health Director cancelling "Congregational Prayers and Religious Events in the Town of Orange due to Coronavirus (COVID-19) Pandemic." (Second Am. Compl. [Doc. # 24] at 2.) In his Answer to the Complaint, Defendant asserted qualified immunity as an affirmative defense. Only in his motion for summary judgment did he raise Eleventh Amendment immunity. His reasoning is that the Connecticut Department of Health is an arm of the state, the Commissioner of that Department is an agent of the Department, (*id.* at 14), and the Commissioner was directed to delegate his powers to local health officials during the COVID-19 pandemic under Connecticut General Statutes § 19a-131a(f), making the Defendant as local health director the "agent of the commissioner" and entitling him to Eleventh Amendment immunity. (*Id.*)

Both Plaintiff's and Defendant's motions for summary judgment were filed on July 18, 2022. Plaintiff's motion to re-open discovery was filed on October 4, 2022.

## II. Discussion

Plaintiff argues that he should be permitted to conduct additional discovery on Defendant's claimed Eleventh Amendment immunity, requiring application of a two-factor test that asks "(1) the extent to which the state would be responsible for satisfying any judgment that might be entered against the defendant entity, and (2) the degree of supervision exercised by the state over the defendant entity." *Leitner v. Westchester Comm. Coll.*, 779 F.3d 130, 134 (2d Cir. 2015). Plaintiff argues that he needs additional evidence to resolve the "critical and genuine issue of material fact" of whether "the state or the

municipality will be responsible for satisfying any putative monetary judgment that might be entered against the town." (Pl.'s Mot. at 2.) He seeks to propound the following: "(1) a document request seeking 'all communications between any insurer, including, without limitation, the Connecticut Interlocal Risk Management Agency, or agent thereof, and the Defendant and/or the Town of Orange, constituting a confirmation or denial of insurance coverage, in whole or in part, or a reservation of rights, regarding this lawsuit;' and (2) a request to admit that 'any adverse monetary judgment entered against Defendant in this matter will not be paid by the State of Connecticut.'" (*Id.* at 4.)

Defendant argues that Plaintiff should be precluded from seeking further discovery because he had the chance during discovery to do so, and that the discovery sought is irrelevant to the Eleventh Amendment immunity issue. (Def.'s Object. at 1-3.) According to Defendant, Plaintiff's argument improperly inverts the Eleventh Amendment analysis; rather than considering any insurance or indemnity (or lack thereof) as evidence supporting or defeating a claim of Eleventh Amendment immunity, Defendant maintains that the court "must first determine whether Dr. Mohammad was acting as a state agent in issuing the challenged directive; only then do questions of indemnity come into play." (*Id.* at 4.) Defendant further maintains that the interrogatory would be fruitless because he "cannot speak for the [S]tate" as to whether it will pay any money judgment against him. (*Id.*)

"To determine whether good cause to reopen discovery exists, the courts in the Second Circuit generally consider the following six factors: (1) whether trial is imminent, (2) whether the request is opposed, (3) whether the non-moving party would be prejudiced, (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and (6) the likelihood that the discovery

3

will lead to relevant evidence." *Dawson v. Sec. Servs. of Connecticut, Inc.*, No. 3:20-CV-1310-SVN, 2022 WL 204554, at *4 (D. Conn. Jan. 24, 2022) (internal quotation omitted).

The Court focuses on the last factor: the likelihood that the discovery will lead to relevance evidence.[2] *Leitner*, on which Plaintiff relies, refers to the defendant "entity," rather than "agent", as Defendant claims to be. 779 F.3d at 134. Thus, when evaluating whether an *individual* defendant is entitled to Eleventh Amendment immunity, courts determine whether the individual was acting in his or her official capacity as an *agent* of a government entity, and then evaluate that *entity's* status as an arm of the state, rather than analyzing in isolation whether the single individual is an arm of the state. *See, eg., Sulieman v. Roswell Park Cancer Inst.,* No. 05-CV-766S, 2008 WL 2690278, at *7 (W.D.N.Y. June 30, 2008) (finding that defendant, a doctor at the hospital, would be entitled to Eleventh Amendment immunity "in his official capacity as [the hospital's] agent" if the *hospital* "is more like 'an arm of the State,' such as a state agency, than like a 'municipal corporation or other political subdivision.'".) Put differently, when the Court evaluates the applicability of Eleventh Amendment immunity at summary judgment, the question will not be whether the state would be responsible for

---

[2] In light of the Court's determination on relevance, the Court declines to decide the issue of timeliness. As for Plaintiff's diligence in obtaining discovery and the foreseeability of the need for additional discovery, Eleventh Amendment immunity was not referenced in the Answer to the Complaint and Plaintiff represents that his discovery requests would have covered any documents potentially relevant to the defense. On the other hand, an Eleventh Amendment defense was nevertheless arguably foreseeable given that the Complaint states that "Defendant acted under color of state law" in issuing the directive at issue. Although it is undecided whether Eleventh Amendment immunity is considered a type of jurisdictional bar or an affirmative defense, a party does not waive Eleventh Amendment immunity by failing to raise it in the answer. *See Richardson v. New York State Dept. of Correctional Service*, 180 F.3d 426, 449 (2d Cir. 1999), *abrogated on other grounds* (allowing the defense to be raised for the first time at summary judgment). However, as this factor does not weigh strongly in either party's favor, the Court's ruling rests on its analysis of relevance.

paying a judgment rendered against Defendant specifically, but whether it would be responsible for paying a judgment against the Connecticut Department of Public Health, the entity Defendant claims he was an agent of.

Plaintiff's argument of the relevance of the existence of any promises to insure or indemnify Defendant by either an insurer or the state is misplaced for an additional reason: the question of whether the state will be responsible for paying any adverse judgment turns not on whether the money literally comes from state coffers, but whether the state would be legally liable for the judgment. In *Regents of the Univ. of California v. Doe*, 519 U.S. 425 (1997), the Supreme Court held that even though the Department of Energy was indemnifying a state university for its damages, "it is the entity's potential legal liability, rather than its ability or inability to require a third party to reimburse it, or to discharge the liability in the first instance, that is relevant." *Id.* at 431.

Plaintiff's strained reading of *Graham v. Friedlander* does not suggest otherwise. 334 Conn. 564, 595 (2020). First, *Graham* is distinguishable as involving the state sovereign immunity of a school board rather than federal Eleventh Amendment immunity of an agent of a state entity. Second, *Graham* found that "the municipality *would* be responsible for defending against the lawsuit, procuring insurance to cover any damages resulting from the lawsuit" *in the future* if the lawsuit were to proceed, meaning that the *current* status of an entity's insurance coverage is not a relevant factor in determining to the applicability of Eleventh Amendment immunity. *Id.* (emphasis added).

The request to issue a request for Defendant to admit or deny whether the state will pay any judgment from this suit is also irrelevant to the analysis, because the question of whether a state chooses voluntarily to indemnify an employee or agent is separate from the analysis of whether it would be legally responsible to—a question that is for the Court to decide. *See Ragosta v. State of Vt.*, 556 F. Supp. 220, 224 (D. Vt. 1981), *aff'd sub nom. Ragosta*

*v. State of Vermont*, 697 F.2d 296 (2d Cir. 1982) ("[a]ny right of indemnity which a state employee might have against the state following a judgment against the employee in his or her personal capacity is distinct, however, from a claim brought directly against the state."). Thus, Plaintiff's requested discovery is not relevant to Plaintiff's summary judgment motion nor his rebuttal to Defendant's summary judgment motion.

**III. Conclusion**

Plaintiff's motion to re-open discovery [Doc. # 103] is DENIED.

IT IS SO ORDERED.

_____/s/_____

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 30th day of January, 2023