UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LINDY R. URSO, fiduciary of the Estate of Father Bernard Champagne,<br><br>*Plaintiff*,<br><br>v.<br><br>AMIR MOHAMMAD,<br><br>*Defendant*. | Civil No. 3:20cv0674 (JBA)<br><br>May 4, 2023 |

**RULING ON MOTION TO ISSUE NON-PARTY SUBPOENA**

Plaintiff moves to issue a non-party subpoena to TV station News 12 Connecticut and/or Altice Media Solutions for use in the upcoming trial, in which the jury will be selected on May 30, 2023. [Doc. # 114]. Plaintiff's counsel represents that he "recently" learned that this non-party had "video footage" which, on information and belief, "comprises an interview in which Fr. Bernard explains how the directive at issue in this lawsuit affected him." (*Id.* at 1.) In addition to the issuance of a subpoena, Plaintiff seeks to conduct a brief deposition to authenticate the footage. (*Id.* at 3.) Defendant objects because discovery has been closed for more than two years and allowing for the re-opening of discovery would be both unfair and "futile due to the inadmissibility of the evidence the plaintiff now seeks to develop." (Def.'s Obj. to Subpoena [Doc. # 115] at 2.) Separately, even if that footage is obtained, Defendant has moved in limine for an order precluding Plaintiff from offering video footage from News 12, designated as Pl.'s Exh. 5 in the joint trial memorandum, based on Plaintiff's failure to disclose it and because it is inadmissible hearsay. (Def.'s Exh. 5 MIL [Doc. # 117] at 1).

For the reasons set forth below, Plaintiff's motion is denied.

**I. Background**

1

Plaintiff represents, upon information and belief, the video footage he seeks contains "on-camera interviews with Fr. Bernard, Jim Zeoli (First Selectman for the Town of Orange), counsel for Defendant (Vincent Marino, Esq.), and counsel for Plaintiff.[1] (Pl.'s Opp'n to Def.'s MILs [Doc. # 123] at 5, n.1). News 12, the studio that conducted the interview and which has retained the footage, agreed to provide the footage only upon receipt of a subpoena. (Pl.'s Mot. for Subpoena at 2.) The footage at issue is dated May 2020, and Plaintiff believes it was also aired in May 2020.

Discovery in the case closed on March 24, 2021; Father Bernard passed away April 14, 2021, but was deposed before he died. Neither side ever sought the video footage until now. Thus, it did not figure in the parties' summary judgment motions filed on July 18, 2022, decided on March 3, 2023.

## II. Legal Standard

"While Rule 45 can be used to subpoena documents to be introduced at trial as trial exhibits, the need to do so should be limited because of the liberal federal pretrial discovery rules." *Dodson v. CBS Broad. Inc.,* No. 02 Civ. 9270(KMW)(AJP), 2005 WL 3177723 (S.D.N.Y. Nov. 29, 2005) (collecting cases). In accordance with this principle, multiple courts have held that parties may not issue Rule 45 trial subpoenas "as a means to engage in discovery after the discovery deadline has passed." *Id.*; *see also Playboy Enterprises Int'l Inc. v. On Line Ent., Inc.*, No. 00-CIV-6618 (RJD), 2003 WL 1567120, at *1 (E.D.N.Y. Mar. 13, 2003) (quashing subpoenas issued "months after discovery closed, little more than a month before trial, upon a non-party from whom discovery was never before sought" when that information could have been obtained "during the discovery period.")

---

[1] Plaintiff does not specify which of his three counsel appears in the video.

2

Plaintiff concedes that "[b]ecause discovery has closed . . . the undersigned cannot issue a subpoena without leave of this Court" and that his request to issue a subpoena necessarily includes a request to reopen discovery, rather than seeking the subpoena only to obtain a trial-suitable version of a document already produced or obtained during discovery. (Pl.'s Mot. at 2; Pl.'s Reply at 5.) As such, the Court will construe this as a motion to re-open discovery in order to issue the non-party subpoena and to conduct the deposition to authenticate it. *See McKay v. Triborough Bridge & Tunnel Auth.*, No. 05 CIV.8936(RJS), 2007 WL 3275918, at *2 (S.D.N.Y. Nov. 5, 2007) (construing the issuance of a non-party subpoena after discovery had closed as a motion to re-open discovery even when the information sought might be a trial exhibit).

Rule 16(b) of the Federal Rules of Civil Procedure requires district courts to enter scheduling orders that limit the parties' time to complete discovery. Fed. R. Civ. Pro. 16(b)(3). The order "shall not be modified except upon a showing of good cause" and only by leave of the district judge. *Id.* "A party seeking to reopen discovery bears the burden of establishing good cause[.]" *Pharmacy Inc. v. Am. Pharm. Partners, Inc.*, No. 05-CV-776, 2008 WL 4415263, at *3 (E.D.N.Y. Sept. 24, 2008).[2] To satisfy the good cause standard, "the party must show that, despite its having exercised diligence, the applicable deadline could not have been reasonably met," *Sokol Holdings, Inc. v. BMD Munai, Inc.*, 2009 WL 2524611, at *7 (S.D.N.Y. Aug. 14, 2009); *see also Baburam v. Fed. Express Corp.*, 318 F.R.D. 5, 8 (E.D.N.Y. 2016) (characterizing the standard as requiring the moving party to show "that it was impossible to complete the discovery by the established deadline.")

**III. Analysis**

---

[2] Unless otherwise indicated, this opinion omits internal quotation marks, alterations, citations, and footnotes in text quoted from court decisions.

3

The question of whether Plaintiff has exercised diligence in seeking this discovery within the timeframe established by the Court is not a close call. Plaintiff does not argue that the video has just now been discovered; as Plaintiff notes, Father Bernard, Plaintiff's counsel, and Defendant's counsel were all in the video, and thus all were aware of its existence. The reason Plaintiff "only recently" learned that the footage had been retained is because Plaintiff's counsel never previously reached out to *ask* whether the video footage had been retained until April 6, 2023—over two years after discovery closed.

Plaintiff's explanation for why he did not seek the information earlier is because "Fr. Bernard was still alive through the close of discovery" and "the Video Footage was not until now necessary." (Pl.'s Mot. at 2.) However, two years transpired between when "Fr. Bernard was still alive" and "now." If Father Bernard's death is what makes this video relevant, then an exercise of diligence would have been to promptly seek to reopen discovery to obtain the video in April 2021 after Father Bernard passed away. At the very least, Plaintiff should have recognized the video's importance on July 18, 2022, when Defendant's summary judgment motion was filed raising the issue of Fr. Bernard's standing by challenging the existence of an actual injury for purposes of his Section 1983 claim. Still, Plaintiff did not move to reopen discovery to seek additional evidence supporting the existence of actual injury. Plaintiff's explanation for *this* delay is not that the video was infeasible to obtain, or unknown to him: it is that because "as far as the undersigned was concerned," the transcript of Fr. Bernard's testimony "illustrated, conclusively," that summary judgment was warranted in his favor, making the video unnecessary. (Pl.'s Reply at 4.). It is only because the Court ruled that Plaintiff's evidence was not, in fact, "conclusive[]" but instead created a genuine issue of material fact for a jury that Plaintiff reconsidered this view. Plaintiff asserts that he was "[f]orced to reevaluate his evidence, and revise his trial strategy," which prompted him to

"scour[] the discovery record" and only then—on April 6, 2023—did Plaintiff contact News 12 and "ask[ed] whether it had archived video footage of Fr. Bernard." (*Id.* at 5.)

On this record, Plaintiff has "not provided any explanation or evidence suggesting that he worked diligently" to obtain the video during the appropriate period. *Kotler v. Bosco*, No. 917CV0394GTSML, 2019 WL 12291097, at *7 (N.D.N.Y. Nov. 4, 2019). The reason Plaintiff failed to obtain this video during discovery was not because it was "impossible" to obtain within the Court's ordered deadlines, but because he was confident enough in the strength of his evidence to proceed without it. Now, Plaintiff maintains that the video is "so critical[3] to the sole remaining issue to be tried"—that is, to the same questions of standing and actual injury that were raised at summary judgment—that "the jury will have an incomplete and insufficient record on which to render a decision" without it. (Pl.'s Reply at 12.) However, the Court's ruling did not change the facts of the underlying record or the legal issues that the parties dispute in this case—only Plaintiff's counsel's perception of it.

*McKay*, 2007 WL 3275918, at *2, is particularly instructive. There, the defendants issued a subpoena and subsequently moved to reopen discovery as the means to obtain documents the defendants only "realized were relevant" during a court-ordered mediation when discussing the issue of whether plaintiff's actions had been reasonable. The court found that there was no good cause because "Defendants do not contend that any new

---

[3] If the evidence is indeed critical, that makes Plaintiff's failure to seek it out earlier even more perplexing, because failing to request evidence crucial to the case until after the discovery deadline has passed "is quite the opposite of diligence; it is sandbagging." *Singh v. Sachem Cent. Sch. Dist.*, 342 F.R.D. 367, 371 (E.D.N.Y. 2022), and undermines the entire purpose of requiring that discovery be completed before the filing of summary judgment motions: i.e., so that the parties may fairly understand the strength of each other's cases when determining how to proceed. *See Bartels v. Inc. Village of Lloyd Harbor*, 97 F. Supp. 3d 198, 223 (E.D.N.Y. 2015) ("The purpose of Rule 16(b) is to offer a measure of certainty in pretrial proceedings, ensuring that at some point both the parties and the pleadings will be fixed.")

information has come to light since the mediation" but "merely state that they 'realized' at the mediation that they were not in possession of certain documents" that could help their case. *Id.* "Because Defendants have not shown why they could not have come to this conclusion and sought the subpoena prior to the close of discovery," the court held, "it cannot be said that Defendants were sufficiently 'diligent' in conducting discovery so as to justify reopening discovery five months after the close of discovery." *Id.*; *see also Saray,* 335 F.R.D. at 53 (denying a request to serve non-party subpoenas after the close of discovery because although plaintiff claimed that due to a "shift in focus in the case" the documents went to a "necessary element" of plaintiff's "prima facie" case, the underlying issue the documents were relevant to "ha[d] always been a part of this suit" and plaintiff's "failure to explain why this discovery could not have been sought prior to the end of the discovery period ultimately dooms its request to obtain the discovery now."); *Forte v. City of New York*, No. 16-CV-560 (VSB), 2021 WL 878559, at *4 (S.D.N.Y. Mar. 8, 2021) (denying the motion to re-open discovery because the "decision to sit idle on seeking leave to pursue discovery leads that might be relevant to their defenses without any plausible explanation for their delay weighs against granting their request now that discovery has closed in this case.")

      All three cases demonstrate that diligence is measured by whether the moving party had the ability to obtain the documents during discovery and sought to do so, and that failing to seek out information during the discovery period because Plaintiff or his counsel documents did not "realize" their importance, or because a "shift in the case" took place that made a previously existing issue more significant, is no excuse. The Federal Rules of Civil Procedure are designed to allow for a broad sweep in seeking discovery and are liberally construed specifically to enable parties to obtain relevant evidence that may seem of little import in the moment, but that may later take on new significance in light of unforeseen case developments. Diligently preparing for such eventualities is part of litigation strategy, and

Plaintiff cannot now complain of an adverse result when he had every opportunity to take advantage of those rules to his benefit.

Because "a finding of good cause depends on the diligence of the moving party," *Grochowski v. Phoenix Const.*, 318 F.3d 80, 86 (2d Cir. 2003), and "[t]he Second Circuit has held that the discovery period should not be extended when a party has had ample opportunity to pursue the evidence during discovery," *Carlson v. Geneva City Sch. Dist.*, 277 F.R.D. 90, 95 (W.D.N.Y. 2011) (citing *Trebor Sportswear Co., Inc. v. The Limited Stores, Inc.*, 865 F.2d 506, 511 (2d Cir. 1989)), a court may deny the motion based on lack of diligence alone. However, some courts have also considered other nonmandatory factors in evaluating motions to reopen discovery to the extent that they are "pertinent", *Saray Dokum v. Madeni Aksam Sanayi Turizm A.S.*, 335 F.R.D. 50, 52 (S.D.N.Y. 2020), including

> (1) whether trial is imminent, (2) whether the request is opposed, (3) whether the non-moving party would be prejudiced, (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and (6) the likelihood that the discovery will lead to relevant evidence.

*City of Almaty, Kazakhstan v. Ablyazov*, No. 115CV05345KHPAJN, 2019 WL 275701, at *3 (S.D.N.Y. Jan. 22, 2019).

None of these factors dictate a different result. The first factor weighs against Plaintiff because trial is imminent, and the second factor weighs against Plaintiff because the request is opposed. The third factor is minimally in Defendant's favor because Defendant will have at least some additional costs and require some additional effort in reviewing the video and attending the short proposed deposition while also preparing for trial. *Moroughan v. Cty. of Suffolk,* 320 F. Supp. 3d 511, 516 (E.D.N.Y. 2018) (prejudice is caused by reopening discovery because "[t]here is no doubt that re-opening discovery will cause [the party opposing reopening discovery] to incur costs and expenses associated with reviewing" the new

7

discovery). Defendant claims he would also have addressed the video content in his summary judgment motion had it been part of the record at the time. *See Naples v. Stefanelli*, No. 12-CV-4460, 2020 WL 5708717, at *2 (E.D.N.Y. Sept. 24, 2020) (finding that reopening discovery after summary judgment briefing was already underway caused prejudice). However, such prejudice is likely mitigated by the fact that Defendant's counsel was in the video, and so its existence would not be a surprise; thus, if Defendant had wished to depose Father Bernard based on the contents of the video, he was equally able to seek it out.

The fifth factor is also neutral because while the need for this video may not have been foreseeable during the actual period of discovery during which Father Bernard was alive and video footage of him might have seemed needlessly cumulative or of minimal value, the need for such footage became much more evident once he passed away in April of 2021, and Plaintiff did not seek at that point to reopen discovery to adduce additional evidence to substitute for the loss of live trial testimony. As discussed above, the need for Father Bernard's description of how the Defendant's directive impacted him has been foreseeable since the filing of Defendant's summary judgment motion in July 2022. Finally, the sixth factor weighs in Plaintiff's favor because regardless of whether it is deemed *admissible,* the video is likely to be relevant based on Plaintiff's representations about its contents. However, relevance alone cannot overcome a complete lack of diligence on Plaintiff's part, especially when the remaining factors are either neutral or weigh in Defendant's favor.

Based on the two-year delay in seeking the video and Plaintiff's failure to timely exercise diligence in seeking leave for a subpoena, his motion is denied. Defendant's Motion in Limine to preclude the admission of the video (Pl.'s Proposed Exh. 5) [Doc. # 117] is denied as moot.

IT IS SO ORDERED.

_____/s/_____

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 4th day of May, 2023